UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA MOLOCK, | § § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| COPART EXCAVATION, INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Sara Molock and brings this action under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code against Defendant CoPart Excavation, Inc. (referred to as "Defendant" or "CoPart") for pregnancy discrimination, gender discrimination, hostile work environment, and retaliation. In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1.  Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), including the Pregnancy Discrimination Act of 1978 ("PDA"), as amended, 42 U.S.C. § 2000e(k), gender discrimination, hostile work environment, retaliation, and Chapter 21 of the Texas Labor Code.

2.      The main purpose of both Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code is to prohibit discrimination in employment by employers based upon race, religion, sex or national origin.

3.      The Pregnancy Discrimination Act of 1978 is an amendment to Title VII of the Civil Rights Act of 1964 and is covered under sex discrimination. In unison, they prohibit employers from discriminating against workers based on pregnancy, childbirth, or related medical conditions.

4.      CoPart violated Title VII, the Pregnancy Discrimination Act, and Chapter 21 of the Texas Labor Code by treating her differently and terminating Plaintiff because she was pregnant.

## II. Jurisdiction & Venue

5.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, because it arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), including the Pregnancy Discrimination Act, as amended, 42 U.S.C. § 2000e(k) for federal question jurisdiction.

6.      Venue is proper in this district and division pursuant to  (1) 28 U.S.C. §§ 1391(b)(1) because it is a judicial district where any defendant resides if all defendants reside in the state in which the district is located and (2) 28 U.S.C. §§ 1391(b)(3) because it is a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article II of the U.S. Constitution.

### III. Parties

8. Plaintiff Sara Molock is an individual who currently resides in Baytown, Texas.

9. Defendant CoPart Excavation, Inc. is a Delaware corporation. Defendant may be served with process by serving its registered agent:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

Alternatively, if the registered agent of CoPart Excavation, Inc. cannot with reasonable diligence be found at the company's registered office, CoPart Excavation, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that CoPart Excavation, Inc. committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of CoPart Excavation, Inc. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

11. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

12. Plaintiff timely filed a charge of discrimination with the Texas Workforce Commission's Civil Rights Division ("TWC"). Plaintiff filed this suit within (60) days of receiving a Notice of Right to Sue from the TWC.

## IV. Facts

13. CoPart Excavation, Inc. headquartered in Texas, provides services across the country, including but not limited to Houston. Those services consist of mass excavation, pad preparation, roadway utility work, and responding to natural disasters.

14. At all relevant times, Bill Pinson was the CoPart superintendent in Louisiana.

15. At all relevant times, George Gillentine was the CoPart superintendent in Georgia.

16. At all relevant times, John Pustejovsky ("Big John") was the general superintendent over all of CoPart's superintendents.

17. CoPart employed Plaintiff Sara Molock from 2018 to 2019 as a heavy equipment operator.

18. While working on a project in Louisiana, Ms. Molock learned that she was pregnant and informed superintendent, Bill Pinson, for purposes of scheduling her prenatal care appointments. In response, Mr. Pinson told her that he did not want a pregnant woman on his job site.

19. In response, Ms. Molock complained to human resources that she was a victim of pregnancy discrimination, specifically that Mr. Pinson demanded her removal from the worksite due to her pregnancy status. Additionally, she complained that Mr. Pinson singled her out as a female on the worksite. For example, he made her do his personal laundry while on the clock and on another occasion, he made her to leave dinner to return and massage his neck.

20. Following her complaints, CoPart sent Ms. Molock home to Texas to await her next assignment.

21. On May 31, 2019, Mr. Pinson contacted Ms. Molock and her boyfriend, Lewis Detweiler, who was also employed by CoPart and informed them that they needed to return to Louisiana by Sunday, June 2, 2019.

22. When they arrived in Louisiana, Big John then instructed them to drive to a CoPart worksite in Alabama.

23. On June 13, 2019, Ms. Molock and Mr. Lewis Detweiler met their new superintendent David (last name unknown) at the Alabama worksite. Then suddenly and without any justification, Ms. Molock and her boyfriend were informed that they had been transferred to a CoPart worksite in Georgia.

24. After only a short time of working at the Georgia worksite, George Gillentine, the Georgia superintendent, exclaimed: "I heard you have a little one in there", referring to Ms. Molock's stomach. He then muttered that because she was a girl she needed to clean all

of the equipment, which, at his direction, she climbed on the equipment and cleaned several pieces of equipment without issue.

24. 25. The next day, Mr. Gillentine, told Ms. Molock that per his supervisor's instructions she was not allowed on the equipment and that he was not comfortable with her being at the worksite because of her pregnancy status.

26. At that point, Mr. Gillentine terminated Ms. Molock.

27. Ms. Molock again complained to human resources about Mr. Gillentine's termination of her employment because of her pregnancy status

28. In response, human resources informed her she was not terminated because of her pregnancy; but because of her skillset. This was in direct contradiction and a pretext to the true reasons provided by Mr. Gillentine—her pregnancy.

## V. Count One—
## Pregnancy Discrimination Based Upon Title VII, PDA, and Texas Labor Code

29. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30. Plaintiff is an employee within the meaning of Title VII and belong to a class protected under the statute, namely she is/was pregnant. See 42 U.S.C. §2000e(k); see also Tex. Lab. Code Ann. § 21.106.

31. Defendant is an employer within the meaning of Title VII. See 42 U.S.C. §2000e(b).

32. Chapter 21 of the Texas Labor Code is a comprehensive fair employment practices act, and remedial scheme modeled after Title VII of the federal Civil Rights Act of 1964, which provides the framework for employment discrimination claims in Texas.

33. Discrimination based on sex includes discrimination because of pregnancy, childbirth, or related medical conditions. Tex. Lab. Code Ann. § 21.106.

34. Defendant intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

35. Plaintiffs avers that Defendant's unlawful gender discrimination violates the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory damages against Defendant.

36. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

37. Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

38. Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant.

39. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's discriminatory practices and they will continue unless and until this Court grants relief.

40. Further, Defendant's conduct was willful and justifies an award of punitive damages.

41. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

## VI. Count Two—
### Gender Discrimination Based Upon Title VII and the Texas Labor Code

42. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. As a female, Plaintiff Molock is a part of a protected class. She was qualified for her position as a heavy equipment operation with CoPart.

44. She was treated differently than males because of her gender, *i.e.* singled out to do the superintendent's laundry and required to give him a neck massage.

45. Plaintiff Molock suffered an adverse employment action, *i.e.* termination, because of her gender.

### VII.  Count Three--
**Hostile Work Environment Based Upon Title VII, PDA, and the Texas Labor Code**

46. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

47. Plaintiff was subjected to a hostile work environment based upon her pregnancy and gender.

48. Because she complained to managers and human resources, Defendant knew or should have known about this hostile environment but failed to alter or eliminate the hostile work environment.

49. Defendant's conduct was severe and pervasive enough to alter the conditions of Plaintiff's employment.

50. After learning of Ms. Molock's pregnancy, Mr. Pinson sent her home, and she was subsequently transferred to another location and terminated.

51. In addition, Plaintiff avers that Defendant's unlawful hostile work environment violate the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory damages against Defendant.

52. Such hostile work environment has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and

other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination/hostile work environment.

53. Such hostile work environment was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

54. Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant.

55. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's discriminatory practices/hostile work environment and they will continue unless and until this Court grants relief.

## VIII. Count Four—
### Retaliation in Violation of Title VII and the Texas Labor Code

56. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

57. Defendant CoPart, as evidenced by its failure to take any action to remedy complaints raised by Plaintiff and its termination of her employment, failed to make any good faith effort to comply with Title VII.

58. As described in the foregoing paragraphs of this Complaint, Defendant CoPart

engaged in retaliatory conduct by taking adverse action against the Plaintiff by terminating her after she complained of pregnancy discrimination.

59. By virtue of the activities described in the foregoing paragraphs of this Complaint, Defendant CoPart intentionally retaliated against Plaintiff because she opposed what she reasonably believed to be an unlawful practice under Title VII; and, by reason of such retaliatory conduct, Defendant CoPart violated Title VII, 42 U.S.C. § 2000e(3)(a), as amended.

60. As a direct and proximate consequence of these violations by the Defendant, Plaintiff has been damaged and will continue to be damaged, and the Defendant is liable for her lost salary and employment benefits and for compensatory damages not including lost pay as defined by Title VII, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained, plus prejudgment interest thereon.

61. Defendant CoPart engaged in such retaliatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Plaintiff; and as a result, the Defendant is liable to Plaintiff for punitive damages, in an amount not yet fully ascertained, but at least equal to three times actual damages, not to exceed the applicable cap on such damages set forth in 42 U.S.C. § 1981a for compensatory and punitive damages taken together.

## IX. Attorney's Fees & Costs

62. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

63. Plaintiff is authorized to recover attorney's fees and costs on her claims by statute and under principles of equity. *See, e.g.*, 42 U.S.C. § 1988.

64. Plaintiff has retained the professional services of the undersigned attorneys.

65. Plaintiff has complied with the conditions precedent to recovering attorney's fees and costs.

66. Plaintiff is entitled to recover her attorney's fees and costs.

67. Plaintiff has incurred or may incur attorney's fees and costs in bringing this lawsuit.

68. The attorney's fees and costs incurred or that may be incurred by Plaintiff were or are reasonable and necessary.

## X. Conditions Precedent

69. All conditions precedent have been performed or have occurred.

## XI. Jury Demand

70. Plaintiff demands a trial by jury on all issues triable to a jury. *See*, Fed. R. Civ. P. 38.

## XII.  Prayer

71.     Plaintiff respectfully requests that the Court enter a judgment in her favor that provides the following relief:

   a. judgment against Defendant for lost wages and benefits, both back pay and front pay resulting from the discriminatory actions of Defendant;

   b. compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;

   c. or punitive damages in the amount found by the trier of fact to punish and deter continuation Defendant's unlawful employment practices;

   d. an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988;

   e. prejudgment interest as provided by law;

   f. post judgment interest as provided by law; and

   g. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

- 14 -

Respectfully submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Rochelle Owens
Tex. Bar. No. 24048704
S.D. Tex. Bar No. 590507
rochelle@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**